**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

**Hon. Michael B. Kaplan**  609-989-0478
United States Bankruptcy Judge  609-989-2259 Fax

July 21, 2011

Karen F. DeSoto, Esq.
35 Journal Square, Suite 491
Jersey City, NJ 07306
Attorney for Debtor-Plaintiff, Valerie Jane Mayeres

Stuart I. Seiden, Esq.
Parker McCay P.A.
Three Greentree Centre
7001 Lincoln Drive West
Marlton, NJ 08053
Attorney for Defendant, BAC Home Loans Servicing

        Re: Valerie Jane Mayeres v. BAC Home Loans
           Case No. 10-44816 (MBK)
           Adv. Proc. No. 11-1516 (MBK)

Counselors:

  This matter is before the Court upon the motion of BAC Home Loans Servicing, fka Countrywide Home Loan Servicing ("BAC", "Defendant", or "Creditor"), to dismiss the adversary complaint filed by Valerie Jane Mayeres ("Plaintiff" or "Debtor"). The Court has heard oral arguments and has reviewed the submissions filed in the above referenced matter. The Court issues the following ruling:

  **I.**  **Jurisdiction**

  The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (K). Venue is proper in this Court pursuant to 28 U.S.C. §§

1408 and 1409. The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## II. Background

On February 23, 2005, Debtor, Valerie Mayeres, executed a Note in favor of Countrywide Home Loans, Inc. ("Countrywide"), in the sum of $140,500.00. To secure repayment of the Note, Debtor executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide, for property commonly known as 16 Morgan Court, Bedminster, New Jersey. The Mortgage was duly recorded in the Office of the Clerk of Somerset County on March 9, 2005.

The loan at issue is part of a pool of loans held by the Bank of New York Mellon ("BONY"), fka The Bank of New York, as Trustee for the Certificate Holders of CWALT 2005-10CB. Defendant, BAC, is the servicing agent for BONY and has been in physical possession of the original Note and Mortgage since March 30, 2005. Said loan was transferred from MERS to BONY pursuant to a written Assignment of Mortgage executed on January 25, 2010. The Assignment of Mortgage was recorded in the Office of the Clerk of Somerset County on May 3, 2010.

On October 1, 2009, the requisite monthly mortgage payment was not tendered to BAC. This constituted a default under the Note and Mortgage. The Debtor failed to cure said default. As a result, on January 29, 2010, Defendant filed a foreclosure complaint against the Debtor in the Superior Court of New Jersey, Chancery Division, Somerset County. The Debtor filed an

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusion of law constitutes finding of fact, they are adopted as such.

2

Answer to the foreclosure complaint and discovery was commenced and completed. Thereafter, on October 5, 2010, the Superior Court granted summary judgment affirming the foreclosure.[2]

On November 8, 2010, Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code. On December 7, 2010, BAC filed an objection to Debtor's Chapter 13 Plan on the ground that Debtor's Chapter 13 Plan failed to provide for full payment of mortgage arrears. On December 8, 2010, BAC filed a Proof of Claim totaling $117,764.53, with additional arrears of $22,507.04.

Thereafter, on March 19, 2011, Debtor instituted this adversary complaint (the "Complaint") seeking to invalidate Defendant's mortgage lien due to fraud and to have Defendant's Proof of Claim expunged. Specifically, Plaintiff's Complaint alleges two counts. First, Plaintiff argues that Defendant's Proof of Claim must be expunged and its lien invalidated because it relies upon fraudulent mortgage documents. Second, Plaintiff argues that the relief requested is warranted because BAC lacks standing as it has not provided authenticated documentation.

In response, BAC filed the aforementioned motion to dismiss (the "Motion to Dismiss"), arguing that, pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in an adversary proceeding pursuant to Fed. R. Bankr. P. 7012, Plaintiff has failed to state a claim upon which relief can be granted. BAC also argues that the *Rooker-Feldman* doctrine precludes this Court from addressing the validity of BAC's lien because the Superior Court has already

---

[2] Judge Accurso's Order granting summary judgment in favor of BAC specifically states: "[BAC] has demonstrated [a] *prima facie* case for foreclosure. No opposition filed. Court has reviewed Answer filed on behalf of [Debtor]. Answer does not deny allegations of the Complaint but merely leaves Plaintiff to its proofs. Summary judgment entered. See R. 4:64-1."

3

granted BAC summary judgment as to this issue. A hearing on the Motion was held on June 14, 2011. For the reasons set forth below, Defendant's Motion to Dismiss will be granted.

### III. Discussion

1. Standard of Review

The overriding issue raised in BAC's motion concerns this Court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).[3] As a fundamental matter, "[i]t must be determined whether jurisdiction exists before proceeding to the merits of a case." Mills v. Capital One Bank, 2009 WL 2713244 (D.N.J. 2009) (quoting Cohen v. Kurtzman, 45 F.Supp.2d 423, 429 (D.N.J. 2009)). In determining whether jurisdiction exists, the court need not accept the plaintiff's allegations as true, and if a factual question pertaining to jurisdiction exists, the court may consider evidence beyond the face of the pleadings to assure itself of its authority to hear the case. Surgick v. Cirella, 2011 WL 2600650 (D.N.J. 2011) (citing Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997). In the Rule 12(b)(1) context, "plaintiff bears the burden of proving that the relevant jurisdictional requirements are met." Sindram v. Fox, 2009 WL 541578 (E.D. Pa. 2009) (citing Dev. Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3d Cir. 1995)). If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997).

2. Jurisdiction over Parties

BAC argues that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack subject matter jurisdiction to review and reverse judgments rendered

---

[3] Fed R. Bankr. P. 7012(b) incorporates Fed. R. Civ. P 12(b)-(h).

4

by state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); see also 28 U.S.C. § 1257 (conferring certiorari power solely upon the United States Supreme Court).[4]  In other words, "the *Rooker-Feldman* doctrine divests a lower federal court of subject matter jurisdiction of an action if the relief requested would effectively reverse a state court decision or void its ruling." In re Sabertooth, 443 B.R. 671, 679 (Bankr. E.D. Pa. 2011). See, e.g., Turner v. Crawford Square Apts. III. L.P., 449 F.3d 542, 547 (3d Cir. 2006); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005).

The Supreme Court has explained that applicability of the *Rooker-Feldman* doctrine is not without limit. Exxon Mobil Corp. v. Saudi basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); Lance v. Dennis, 546 U.S. 459, 464-66, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006).  To that end, *Rooker-Feldman* does not bar "a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." Exxon Mobil, 544 U.S. at 293.  Instead, it applies only to the "narrow ground" of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id.

---

[4] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

Last year, in <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159 (3d Cir. 2010), the Court of Appeals "[broke] down the holding of <u>Exxon Mobil</u>, [and] conclude[d] that there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." 615 F.3d at 166 (internal quotations and alterations omitted). When these requirements are met, the district court lacks subject matter jurisdiction over the complaint. <u>Id.</u>

With these principles in mind, this Court holds that the <u>Great Western Mining</u> requirements have been met in this case. It is indisputable that: (1) Plaintiff is a state court loser, having suffered a state court foreclosure judgment; (2) Plaintiff complains of injuries caused by that state-court judgment, with the crux of the Complaint being that BAC wrongfully foreclosed on the property in question because BAC is not a holder in due course of the Note and Mortgage; (3) Plaintiff asks the Court to disregard, and essentially reverse, the state court's decision by quieting title in their favor; and (4) the state court judgment was rendered approximately seven months before Plaintiff commenced this action.

Moreover, Courts in this Circuit, including this Court, have consistently found *Rooker-Feldman* to be applicable and a bar to plaintiff's relief in a federal district court in the context of state foreclosure actions. <u>See</u>, <u>e.g.</u>, <u>In re Rusch</u>, 2010 WL 5394789 (Bankr. D.N.J. 2010)("A federal district court 'cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in a State Foreclosure Action.'") (citing <u>Kushner v. Wachovia Bank, N.A.</u>, 2010 WL 5094511 (D.N.J. 2010)); <u>Klein v. U.S. Bank</u>, 2010 WL 5018881 (M.D. Pa.

2011); Hansford v. Bank of America, 2008 WL 4078460, *5 (E.D.Pa. 2008).  Here, Plaintiff's requested remedy, invalidation of the lien foreclosed in state court and expungement of BAC's Proof of Claim, reveals that the injury stems from the foreclosure and the essence of Plaintiff's claim is to reverse the state court judgment.  *Rooker-Feldman* explicitly guards against allowance of such relief.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp*.,* 544 U.S. 280, 284 (2005).  Accordingly, the Court finds that it will not, and cannot, review the state court findings as they relate to the validity of BAC's Note and Mortgage.

The Court pauses to address Plaintiff's argument that *Rooker-Feldman* does not apply in the context of interlocutory orders.  Here, the state court foreclosure judgment was entered on Defendant's motion for summary judgment via order after Debtor failed to oppose the motion or file an objection as required under R. 4:64-1.  The matter was then returned to the Foreclosure Unit for entry of a final judgment.  R. 1:34-6.  Plaintiff cannot appeal the state court decision until the Foreclosure Unit enters said final judgment.  LaSalle Bank Nat. Ass'n v. Feranda, 2010 WL 4702277 (N.J.Super.A.D. 2010).  As the foreclosure process is not yet final, Plaintiff argues that *Rooker-Feldman* is inapplicable.

The Court disagrees with Plaintiff's contention.  In fact, the suggestion that *Rooker-Feldman* does not apply to interlocutory orders is at odds with Third Circuit precedent.  The Third Circuit has expanded coverage of *Rooker-Feldman* to include interlocutory orders of the state court.  See Port Authority Police Benevolent Association v. Port Authority Police Department, 973 F.2d 169, 177-79 (3d Cir. 1993).  In In Re Randall, 358 B.R. 145 (Bankr.E.D.Pa. 2006), Judge Fox specifically addressed the applicability of *Rooker-Feldman* to interlocutory orders and stated:

7

> The notion, however, that *Rooker-Feldman* does not apply to interlocutory orders is contrary to Third Circuit authority. Port Authority Police Benevolent Association v. Port Authority Police Department, 973 F.2d 169, 177-79 (3d Cir. 1993); see, e.g., Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d at 24; Campbell v. Greisberger, 80 F.3d 703, 707 (2d Cir. 1996); In re 421 Willow Corp., 2003 WL 22318022, at *6 n.6 (E.D.Pa. 2003). Indeed, one court has noted: '*Rooker-Feldman* is broader than claim and issue preclusion because it does not depend on a final judgment on the merits.' Charchenko v. City of Stillwater, 47 F.3d 981, 983 n.1 (8th Cir. 1995). The Supreme Court's Exxon decision did not expressly limit the scope of the jurisdictional doctrine only to final state court orders. See Coquilette, et. al., 18 Moore's Federal Practice, 133.30[3][c][ii] (3d ed. 2006). Thus, I cannot agree that state court interlocutory decrees can be overruled by federal trial courts . . . Furthermore, the Third Circuit has held [in In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005)] that a default judgment in mortgage foreclosure, prior to any sale, was sufficient to trigger application of *Rooker-Feldman*.

Id. at 159, n.9. See also Moore v. One West/Indy Mac Bank, 2010 WL 3398855 (D.Colo. 2010) ("[T]he applicability of *Rooker-Feldman* does not depend upon whether state court orders are appealable, but rather upon whether they completely determine the rights of the parties.") (quoting Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC, 2007 WL 1346591 at *3 (D.Colo. 2007))).

Additionally, to the extent that the summary judgment order is not yet appealable, this Court must abstain from exercising jurisdiction. "The *Younger* abstention doctrine applies when there is an ongoing state court proceeding, the state court provides an adequate forum for determining the claims asserted in the federal action, and the proceeding involves important state interests which traditionally look to state law for their resolution or implicate separately articulated state policies." Beeler, 2007 WL 1346591 at *3 (internal quotation marks and citation omitted); In re Johnson, 196 Fed.Appx. 112, 2006 WL 2348889 (3d Cir. 2006); Younger

v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Here, the matters presented in the Complaint are clearly the subject of a pending state foreclosure matter. Ms. Mayeres's claim that the mortgage interest is invalid is a core issue in that state litigation. Additionally, the State of New Jersey has an important interest in determining title to real property located and governed by state law. Allen v. National City Bank of Pennsylvania, 2007 WL 2341010, *5 (D.Colo. 2007). Finally, Plaintiff will still have an appropriate avenue for appeal in the state court after the Foreclosure Unit enters a final judgment.

As such, this Court is required to abstain from addressing this matter based upon alternative doctrines. Arguably, either *Rooker-Feldman* or *Younger* is applicable. If there was a final determination of the parties' rights in the state court proceeding, this Court must abstain pursuant to *Rooker-Feldman* because the Court cannot conduct an appellate like review over the state court ruling. Alternatively, if there has been no final determination of the rights of the parties because the foreclosure process was not concluded, then the Court should abstain under the *Younger* doctrine. Moore, 2010 WL 3398855 at *6 (citing Beeler, 2007 WL 1346591 at *3). Accordingly, regardless of whether the foreclosure sale has been concluded, this Court is precluded from determining the issues presented.

However, insofar as BAC additionally contends that there is a jurisdictional bar to considering Plaintiff's potential damage or recoupment claims with respect to any alleged fraud arising from the instant mortgage execution transactions, the Court disagrees. As explained above, *Rooker-Feldman* only applies to injuries imposed by a state-court judgment that the losing party then seeks to essentially relitigate in the district court in the hope of obtaining a more favorable result. "[R]*ooker Feldman* may not be applicable when a federal plaintiff

9

'present[s] some independent claim, . . . then there is jurisdiction and state law determines whether the [party] prevails under principles of preclusion.'" Exxon Mobil, 544 U.S. at 293. As noted in In re Randall:

> The amount due the mortgagee can be adjudged by th[e] court without affecting the validity of the mortgage itself, nor the right of the mortgagee to foreclose upon the judgment. In the same manner that the amount of the foreclosure judgment can be adjusted upward, prior to sale, to include post-judgment interest and court costs – referred to in state-court parlance as the 'reassessment of damages' – it can be adjusted downward for post-judgment credits owing to the mortgagor.

358 B.R. at 161-162 (holding that damage or recoupment claims do not run afoul of the *Rooker-Feldman* doctrine). Furthermore, the abstention principle enunciated in *Younger* does not preclude the Court from addressing Plaintiff's potential claims for damages or recoupment. Clark v. Bloomberg, 2010 WL 1438803 (E.D.N.Y. 2010); Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000) ("abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief").

In the instant proceeding, the state court did not address potential damages or recoupment arising as a result of BAC's alleged fraud in relying on what Plaintiff contends are falsified mortgage documents. Additionally, Plaintiff has not asked this Court to address these issues. Instead, the relief requested in the Complaint is limited to the invalidation of the BAC lien and the expungement of BAC's Proof of Claim, totaling $117,764.53 with arrears of $22,507.04,

based upon the mortgage loan. Therefore, to the extent Plaintiff seeks relief for damages or recoupment, this Court's holding does not prohibit the Plaintiff from such pursuit.[5]

### IV.    Conclusion

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction to address and resolve the underlying merits of Plaintiff's Complaint. The Court is thus obligated to abstain from adjudicating Plaintiff's request for invalidation of BAC's lien and expungement of BAC's Proof of Claim. Accordingly, BAC's Motion to Dismiss will be granted without prejudice. BAC is directed to submit a form of order.

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[5] Defendant's Motion additionally seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(6). However, as explained above, this Court must have subject matter jurisdiction before addressing and resolving the merits of the Motion to Dismiss. As the Court has determined that it lacks subject matter jurisdiction, it need not undertake a 12(b)(6) analysis.